**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANNY MCDOWELL,

                Petitioner - Appellant,

v.

DOMINGO URIBE, Jr., Warden,

                Respondent - Appellee.

No. 13-55159

D.C. No. 5:12-cv-01271-JAK-AN

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted June 3, 2015
Pasadena, California

Before: MELLOY,** BYBEE, and IKUTA, Circuit Judges.

State prisoner Danny McDowell filed a federal habeas petition in 2012. A

district court dismissed the petition as successive, finding McDowell knew about the

---

     * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     ** The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

factual predicate underlying his petition at the time he filed his initial habeas petition. For the reasons stated below, we affirm.

I

McDowell was the victim of a gang-related assault in 1989 or 1990, suffering a fractured skull and head trauma. He experienced constant headaches, memory loss, and cognitive issues. Ultimately, he had two brain surgeries over the span of four years.

On June 14, 1995, McDowell and his wife, Aretha, burglarized an Allstate Insurance office. McDowell was subsequently found guilty of burglary. Because this was McDowell's "third strike," he was sentenced to prison for 26 years to life.[1]

In February 2000, McDowell filed his first habeas petition. McDowell alleged trial counsel was ineffective because counsel failed to investigate his medical and mental infirmities and failed to present evidence at trial relating to the infirmities. The district court determined that the habeas petition was filed outside of AEDPA's one-year statute of limitations.

---

[1] McDowell has since been paroled under California Proposition 36 and is now off parole.

In August 2009, McDowell filed various motions and attached another habeas petition in the district court. He asked the district court to reopen his case, grant him an exemption from AEDPA's one-year statute of limitations, and allow him to file another habeas petition. The court found that McDowell was not entitled to relief because his new habeas petition would be successive.

In January 2012, McDowell filed an application with this Court, requesting leave to file yet another habeas petition. After our Court granted his request, McDowell filed another habeas petition in August 2012. The district court again dismissed McDowell's petition as successive, finding McDowell failed to show the factual predicate for any of his claims could not have been discovered previously through the exercise of due diligence. McDowell appeals.

II

We review a district court's dismissal of a petition for a writ of habeas corpus for lack of jurisdiction de novo. Hasan v. Galaza, 254 F.3d 1150, 1153 (9th Cir. 2001).

AEDPA applies to McDowell's successive habeas petition. Relevant to this appeal, a petitioner may file a successive petition raising a claim that was not presented in a prior application if:

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B). Claims presented in a successive petition that were presented in a prior application must be dismissed. Id. § 2244(b)(1).

McDowell's claims in his initial habeas petition related to his mental capacity. The initial petition stated he "suffered from mental diminished capacity" and "counsel failed to present evidence . . . [to show McDowell] is a registered mentally disabled person by the state of California for a prior history of brain surgery." McDowell's current claim that his trial counsel was ineffective because counsel failed to adequately investigate McDowell's competence was presented in his initial habeas petition. We therefore lack jurisdiction over this claim. See id. Because McDowell's other claims, like the claims in his initial petition, are derived from his diminished

- 4 -

mental capacity, he could have discovered, and in fact did discover prior to his initial habeas petition, the factual predicate underlying those claims—diminished mental capacity. It is undisputed that McDowell suffers from forgetfulness, a lack of memory, and an inability to complete simple tasks. These characteristics, standing alone, do not warrant the conclusion that he was unable to discover the factual predicate underlying his present claims. And McDowell presents no evidence to demonstrate he did not know of or could not have discovered these infirmities prior to his initial habeas petition. Therefore, by failing to include the present claims in his initial petition, McDowell failed to show due diligence. See 28 U.S.C. § 2244(b)(2)(B)(i); Gage v. Chappell, No. 13-73438, 2015 WL 4394008, at *5 (9th Cir. July 20, 2015).

Further, we have described the standard within § 2244(b)(2)(B) as "demanding." Bible v. Schriro, 651 F.3d 1060, 1063 (9th Cir. 2011). And we generally have been skeptical of assertions that the underlying factual predicate could not have been discovered earlier through the exercise of due diligence when a significant amount of time has passed between the first petition and the successive petition. Id. at 1064; see also Landrigan v. Trujillo, 623 F.3d 1253, 1256–57 (9th Cir. 2010) (doubting that the applicant was diligent when he waited six years to request

DNA testing after the state adopted a statute permitting DNA testing). Here, McDowell waited a significant amount of time before filing either of his successive habeas petitions (more than nine years), and his claims do not satisfy the demanding standard within § 2244(b)(2)(B)(i).

III

Because McDowell's current ineffective assistance of counsel claim based on his trial counsel's failure to investigate his mental and medical conditions was presented in his initial petition, and his other claims are founded upon the same factual predicate of the claims raised in his initial habeas petition—diminished mental capacity—the district court properly dismissed his successive petition.

AFFIRMED.